TANYA M. SCHIERLING [SBN 206984]
tschierling@swsslaw.com
JING Y. LI [SBN 279818]
jli@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Plaintiff Fourte International Limited

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOURTE INTERNATIONAL LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>IQBody LLC,<br><br>Defendant. | Case No. '21CV1851 L   BGS<br><br>**COMPLAINT FOR:**<br>**(1) BREACH OF CONTRACT**<br>**(2) QUANTUM MERUIT**<br>**(3) ACCOUNT STATED**<br><br>**DEMAND FOR JURY TRIAL** |

## PARTIES

1. Plaintiff Fourte International Limited (**"Plaintiff"**) is a British Virgin Islands company, with its principal place of business in Penang, Malaysia.

2. Plaintiff alleges on information and belief that Defendant IQBody LLC (**"Defendant"**) is a Delaware limited liability company, with its principal place of business in Coronado, California. Defendant has designated CT Corporation System, 330 N Brand Blvd., Suite 700, Glendale, California 91203 as its agent for service of process pursuant to Cal. Corp. Code Section 17061(d)(1).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. Section 1332 because this is a dispute between a citizen of a state and a citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and

costs.

4. This Court has personal jurisdiction over Defendant, and venue in this judicial district is proper under 28 U.S.C. Section 1391, including without limitation because (a) at all material times Defendant's principal place of business was in San Diego County, (b) the conduct of the Defendant complained under this Complaint and the elements of the causes of action substantially occurred in San Diego County, and (c) substantial performance of the contract forming the subject of this Complaint occurred and/or was to occur in San Diego County.

## MATERIAL FACTS

5. Plaintiff is in the business of engineering, manufacturing, and selling various mechanical products in various parts of the world.

6. Beginning in approximately March 2018, Defendant ordered from Plaintiff and Plaintiff delivered to Defendant, engineering drawings, mechanical parts, including massage apparatuses, and related packaging material (collectively, the "**Products**") pursuant to certain purchase orders addressed by Defendant to Plaintiff.

7. Plaintiff invoiced Defendant for each purchase of the Products on or after the date Plaintiff shipped the order.

8. Each invoice stated the terms for payment, were either Net 30 days' or Net 60 days' payment from the invoice date and provided for accrual of interest at a rate of 1.5 percent per month for late payments.

9. Defendant accepted the Products delivered by Plaintiff and the terms of the invoices.

10. The various purchase orders, invoices and other written communications between the parties regarding the purchase and sale of the Products and payment of the invoices constitute the parties' contract ("**Contract**").

11. On April 29, 2019, Defendant issued a purchase order to Plaintiff for the Products for a purchase price of $473,000 ("**Purchase Order**").

12. The Products purchased under the Purchase Order were delivered in three shipments.

13. In accordance with the Purchase Order, the Products were delivered to Defendant on August 16, 2019 and October 25, 2019, and invoices were issued by Plaintiff to Defendant on those dates. These first two invoices were paid by Defendant without incident.

14. The remaining Products purchased under the Purchase Order were delivered to Defendant on or about December 31, 2019 ("**Final Shipment**"), and a final invoice was issued to Defendant on that date ("**Final Invoice**"). The Final Invoice required payment within 60 days from the Final Invoice date and provided for interest for late payment at a rate of 1.5 percent interest per month.

15. Payment of the Final Invoice was due on February 29, 2020.

16. The Purchase Order and Final Invoice are attached as Exhibit 1 and Exhibit 2, respectively.

17. Defendant accepted delivery of the Final Shipment and agreed to the terms of the Final Invoice. Defendant, however, has failed or refused to pay for the Products delivered in the Final Shipment.

18. Defendant currently owes Plaintiff $124,419.20 for the Final Shipment and Invoice, excluding interest.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

19. Plaintiff realleges and incorporates paragraphs 1 through 18 above, as if fully set forth herein.

20. Plaintiff and Defendant entered into the Contract for the supply of the Products by Plaintiff to Defendant.

21. Defendant accepted the Products delivered by Plaintiff under the Contract and Final Invoice and agreed to be bound by the terms and conditions of the Contract.

22. Currently, Defendant owes Plaintiff $124,419.20, plus interest under the Contract and Final Invoice.

23. In material breach of its obligations under the Contract, Defendant has failed or refused to pay the amounts due and owing to Plaintiff under the Final Invoice, thereby requiring Plaintiff to incur the cost of filing this Complaint.

24. Plaintiff has performed all of its obligations under the Contract.

25. As a direct and proximate result of Defendant's breach of the Contract, Plaintiff has suffered damages in the amount of $124,419.20, plus interest then due at a rate of 1.5 percent per month.

## SECOND CLAIM FOR RELIEF

### (Quantum Meruit)

26. Plaintiff realleges and incorporates paragraphs 1 through 18 and 19 through 25 above, as if fully set forth herein.

27. In the event Defendant denies the existence, validity or enforceability of the Contract, Plaintiff pleads and claims in the alternative as follows:

28. Plaintiff obtained and supplied the Products to Defendant with a good faith belief that Defendant would pay Plaintiff for the Products.

29. Defendant knew that it was receiving the Products ordered by Defendant and supplied by Plaintiff, that Plaintiff was procuring the Products on Defendant's behalf and for its benefit, and that Plaintiff reasonably expected to be paid for the Products.

30. Despite demands by Plaintiff, Defendant's acknowledgment of liability to pay Plaintiff for the Products and Defendant's repeated promises to pay the Final Invoice amount, Defendant has failed to pay for the Products sold and delivered by Plaintiff to Defendant.

31. Defendant is obligated to pay the reasonable value of the Products Plaintiff supplied to Defendant in the amount of $124,419.20.

32. As a direct and proximate result of Defendant's failure to pay for the

Products, Plaintiff has suffered damages in the amount of $124,419.20, plus interest.

## THIRD CLAIM FOR RELIEF

### (Account Stated)

33. Plaintiff realleges and incorporates paragraphs 1 through 18, 19 through 25 and 27 through 32 above, as if fully set forth herein.

34. In the event Defendant denies the existence, validity or enforceability of the Contract, Plaintiff pleads and claims in the alternative as follows:

35. During the course of the parties' relationship, Defendant ordered from Plaintiff certain Products.

36. Defendant has made payments upon its account with Plaintiff. Defendant's prior payments and repeated promises to pay the balance constitute an acknowledgment of the validity and enforceability of its indebtedness to Plaintiff on the account. In addition, Defendant has acknowledged its indebtedness to Plaintiff orally and in writing and has promised to pay the full amount due.

37. Despite demands by Plaintiff, Defendant has failed to pay the balance due under the Final Invoice in the amount of $124,419.20 of the account, which is immediately due and owing.

38. As a direct and proximate result of Defendant's failure to pay for the Products, Plaintiff has suffered damages in the amount of $124,419.20, plus interest.

## PRAYER

Plaintiff prays that this Court enter judgment in Plaintiff's favor and against Defendant, as follows:

1. For general compensatory and consequential damages of no less than $124,419.20, according to proof at trial;

2. For pre-judgment and post-judgment interest at the legal maximum rate, according to proof by trial.

3. For reasonable attorneys' fees, costs of suit, and interest to the extent permitted by law; and

1      3.    For such other and further relief as the Court deems just and proper.

2  DATED: November 1, 2021     SOLOMON WARD SEIDENWURM & SMITH, LLP

By:    */s/ Tanya M. Schierling*
    TANYA M. SCHIERLING
    JING Y. LI
    Attorneys for Plaintiff Fourte International Limited

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by a jury.

DATED: November 1, 2021

SOLOMON WARD SEIDENWURM & SMITH, LLP

By: ___*/s/ Tanya M. Schierling*___
TANYA M. SCHIERLING
JING Y. LI
Attorneys for Plaintiff Fourte International Limited

# EXHIBIT 1

# PURCHASE ORDER

**IQBody LLC**
444 B Avenue
Coronado, CA 92118
+1 (214) 701-2477
Nicole@iqbody.com

| TO: | SHIP TO: | P.O. NUMBER: |
|---|---|---|
| **Jesse Farquhar**<br>Fourte International<br>Unit D-19-2, Bay area<br>Lorong Bayan<br>Indah 2, Bayan Lepas<br>Penang, PNG 11900<br>Malaysia<br>+(6) 015-4877-0336 | **Nicole Brandi**<br>IQBody LLC<br>444 B Ave<br>Coronado, CA 92118<br>+1 (214) 701-2477 | **00004** |

| P.O. DATE | REQUISITIONER | SHIPPED VIA | F.O.B. POINT | TERMS |
|---|---|---|---|---|
| April 29, 2019 | TBD | TBD | TBD | Net 30 days |

| QTY | UNIT | DESCRIPTION | UNIT PRICE | TOTAL | SHIPPING DATE |
|---|---|---|---|---|---|
| 2000 | FDD-131753-ASY REV 2 | 6ACS Axxx | $47.30 | $94,600 | TBD via Email |
| 3000 | FDD-131753-ASY REV 2 | 6ACS Axxx | $47.30 | $141,900 | TBD via Email |
| 5000 | FDD-131753-ASY REV 2 | 6ACS Axxx | $47.30 | $236,500 | TBD via Email |
| | | SUBTOTAL | | NA | |
| | | SALES TAX | | NA | |
| | | SHIPPING AND HANDLING | | | |
| | | OTHER | | NA | |
| | | TOTAL | | $473,000 | |

1. Please send two copies of your invoice.
2. Enter this order in accordance with the prices, terms, delivery method, and specifications listed above.
3. Please notify us immediately if you are unable to ship as specified.
4. Send all correspondence to:
Nicole Brandi
444 B Ave
Coronado, CA 92118
+1 (214) 701-2477
Nicole@iqbody.com

*Authorized by*    Pick the Date

P:01499739.1:07815.001

# EXHIBIT 2

Fourté International Ltd
Palm Grove House, P.O. Box 438
Road Town
Tortola,   VG1110
Virgin Islands (British)

Ph:   +6015 4877 0336

**Invoice**

42087

Date:  31-Dec-19

**To**

Nicole Brandi
IQBody LLC
414, 1/2 Pomona Ave.
Coronado, CA 92118
United States of America

Ph: 1-858-997-4630

**Ship To**

IQBody LLC
444 B Ave
Coronado, CA 92118
United States of America

Ph: 1-858-997-4630

| Terms | Due Date | Ship Via | | Salesperson |
|---|---|---|---|---|
| Net 60 | 29-Feb-20 | Best Way | | NA |

| Quantity | Description | | Unit Price | Amount |
|---|---|---|---|---|
| 1,728 each | Massage apparatus not electron<br>Massage apparatus not electronically operated.<br>Packing List: 92530           Shipped On: 31-Dec-19<br>Part: FDD-131753-ASY REV 4           Rev: 04<br>PO: 00004           Ln: 003     SO: N27164 | | $47.30 | $81,734.40 |
| 1,728 each | Massage apparatus not electron<br>Massage apparatus not electronically operated.<br>Packing List: 92530           Shipped On: 31-Dec-19<br>Part: FDD-131753-ASY REV 4           Rev: 04<br>PO: 00004           Ln: 004     SO: N27164 | | $47.30 | $81,734.40 |
| 1,648 each | Massage apparatus not electron<br>Massage apparatus not electronically operated.<br>Packing List: 92530           Shipped On: 31-Dec-19<br>Part: FDD-131753-ASY REV 4           Rev: 04<br>PO: 00004           Ln: 005     SO: N27164 | | $47.30 | $77,950.40 |

Invoice Total:  $241,419.20
Amount Paid:  $0.00
Amount Due:  $241,419.20
USD

Fourté International Ltd
Palm Grove House, P.O. Box 438
Road Town
Tortola,  VG1110
Virgin Islands (British)

Ph:  +6015 4877 0336

**Invoice**

42087

Date: 31-Dec-19

**To**

Nicole Brandi
IQBody LLC
414, 1/2 Pomona Ave.
Coronado, CA 92118
United States of America

Ph: 1-858-997-4630

**Ship To**

IQBody LLC
444 B Ave
Coronado, CA 92118
United States of America

Ph: 1-858-997-4630

| Terms | Due Date | Ship Via | Salesperson |
|---|---|---|---|
| Net 60 | 29-Feb-20 | Best Way | NA |

| Quantity | Description | Unit Price | Amount |
|---|---|---|---|
| | Pricing is in USD | | |
| | Late payments will be charged 1.5% per month | | |
| | **Bank Information Details:** | | |
| | **Beneficiary**: Fourte International Ltd. | | |
| | **Beneficiary Address**: Plot 28, Hilir Sungai Keluang 1, Bayan Lepas Industrial Estate, Phase IV, 11900 Bayan Lepas, Penang, Malaysia. | | |
| | **Account Number**: 411-811656-838<br>**Name of Bank**: HSBC Hong Kong<br>**Bank Address**: 1 Queen's Road Central, Hong Kong<br>**Bank Code**: 004 (for local payment)<br>**Swift Address**: HSBCHKHHHKH (for telegraphic transfers)<br>**Currency**: USD | | |
| | This is a computer generated invoice. No signature is required | | |

Page 2 of 2